IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK JOSEPH PERRI, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security[1] | : | NO. 19-2349 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                November 12, 2019

      Frank Joseph Perri, Jr., ("Plaintiff") seeks review of the Commissioner's decision denying his claim for disability insurance benefits ("DIB"), claiming that the Administrative Law Judge ("ALJ") erred in (1) determining Plaintiff's residual functional capacity ("RFC") by relying on his own lay judgment rather than the sole medical opinion in the record on the Plaintiff's exertional abilities and (2) relying on the Vocational Expert ("VE") testimony where the VE's testimony conflicted with the Dictionary of Occupational Titles. Doc. 9 at 10-18. The Commissioner has responded with an uncontested motion for remand, requesting remand to allow further development of the record and further evaluation of Plaintiff's disability claim. Doc. 12 at 1.[2]

---

[1] Andrew Saul became the Commissioner of Social Security ("Commissioner") on June 17, 2019, and should be substituted for the former Acting Commissioner, Nancy Berryhill, as the defendant in this action. Fed. R. Civ. P. 25(d).

[2] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

After reviewing the Plaintiff's brief, Defendant's motion, and the administrative record, I will grant Defendant's unopposed motion for remand.[3] The record establishes that Plaintiff suffered a skull fracture in 2008, with resultant neurocognitive impairment, migraines, and later developed neck and back pain. Tr. at 420-24, 484, 501-06. No treatment provider offered a functional RFC assessment, and the ALJ gave only partial weight to the consultative examiner's assessment. Id. at 31. In addition, further development of and re-evaluation of the record may require additional vocational evidence.

An appropriate Order and Judgment Order follow.

---

[3] Plaintiff also alleges that the ALJ who adjudicated his application was not appointed in a manner consistent with the Appointments Clause rendering the decision invalid under Lucia v. SEC, __ U.S. __, 138 S. Ct. 2044 (2018), and because he presented the issue in his request for review to the Appeals Council, Social Security Ruling ("SSR") 19-1p requires the case be remanded. Doc. 9 at 3-9; see also SSR 19-1p, Titles II and XVI: Effect of the Decision in Lucia v. Securities and Exchange Commission (SEC) on Cases Pending at the Appeals Council, 2019 WL 120203 (March 15, 2019). Considering that the Commissioner has rectified the appointment of all ALJ's, see S.S.R. 19-1p, 2019 WL 120203, at *1, and that I am remanding the case for further consideration of the evidence, I need not address Plaintiff's claim regarding Lucia.